IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

IN RE:    MARY DUNN SCOTT,    Case No. 11-37343-KRH
                              Chapter 7
    Debtor.

### MEMORANDUM OPINION

Before the Court is the objection of the Chapter 7 trustee, Bruce H. Matson (the "Trustee"), to the exemption claimed by Mary Scott Dunn (the "Debtor") to an interest in her mobile home under Va. Code Ann. § 34-26(8). For the reasons set forth herein, the Court will sustain the Trustee's objection and deny the Debtor's claimed exemption. This Memorandum Opinion sets forth the Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.[1]

The Court has subject-matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and the general order of reference from the United States District Court for the Eastern District of Virginia dated August 15, 1984. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (C), (F), and (O), in which final orders or judgments may be entered by a bankruptcy court. Venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### FACTS

The Debtor filed a voluntary petition for relief on November 18, 2011 (the "Petition Date"), under Chapter 7 of the Bankruptcy Code.[2] The Trustee is the duly appointed and acting

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

[2] 11 U.S.C. §§ 101 *et seq.* (2012) (the "Bankruptcy Code").

1

Chapter 7 trustee charged with the responsibility for administering the Debtor's bankruptcy estate. *See* 11 U.S.C. § 704. On Schedule C annexed to the Debtor's bankruptcy petition, the Debtor claimed an exemption for a "1/2 interest in [her] 1994 Imperial mobile home" (the "Mobile Home"). The scheduled value of the Mobile Home is $10,780. The Debtor has claimed $5,000 of this amount as exempt. The Debtor maintains that the Mobile Home qualifies as a motor vehicle under Virginia law and that she is entitled to claim it as exempt under Va. Code Ann. § 34-26(8).[3] The Trustee filed Trustee's Objection to Property Claimed as Exempt on February 14, 2012 [Docket No. 14]. A hearing was held on April 18, 2012, after which the parties submitted briefs in support of their positions.

### ISSUES PRESENTED

The Trustee, as the party objecting to the exemption claimed by the Debtor, has "the burden of proving by a preponderance of the evidence that the exemption should not be allowed." *In re Crump*, No. 06-33410-KRH, 2007 WL 1029325, at *1 (Bankr. E.D. Va. Apr. 3, 2007). *See also* Fed. R. Bankr. P. 4003(c). The Trustee argues that the Debtor does not qualify for the exemption under Va. Code Ann. § 34-26(8) because the Mobile Home is not a "motor vehicle." The Trustee maintains that the interpretation of the statute advanced by the Debtor would impermissibly enlarge the "statutory exemption and read into it an exemption the legislature did not intend to create." *In re Potter*, No. 08-17658-SSM, 2009 WL 902415, at *2 (Bankr. E.D. Va. Mar. 24, 2009) (quoting *In re Hasse*, 246 B.R. 247, 251-52 (Bankr. E.D. Va. 2000)). The Trustee contends that a mobile home does not satisfy the facial requirements of a "motor vehicle" as defined under Va. Code Ann. § 46.2-100. Specifically, a mobile home is

---

[3] Virginia's wild card exemption under Va. Code Ann. § 34-4 has a $5,000 lifetime aggregate limit. *See* Va. Code Ann. § 34-21. The Debtor could not claim the benefit of the wild card exemption under Va. Code Ann. § 34-4 as she had previously exhausted her exemption in a prior bankruptcy case, *In re Scott*, No. 03-31079-DOT (2003). *See In re Williams*, 337 B.R. 846, 849 (Bankr. E.D. Va. 2005) ("Va. Code § 34.21 prohibits debtors from exceeding the $5,000 homestead exemption limit in multiple bankruptcies.").

2

neither a self-propelled vehicle nor a structure designed to be used or intended primarily to be affixed to a motor vehicle and provide a mobile dwelling. Va. Code Ann. § 46.2-100.

The Debtor argues that "the court must liberally interpret the Virginia exemption statutes in favor of the [D]ebtor, with any doubts to be resolved in favor of allowing the exemption." *In re Hasse*, 246 B.R. 247, 251 (Bankr. E.D. Va. 2000). The Debtor maintains that the statutory language in Va. Code § 34-26(8) is ambiguous, and that the ambiguity must be resolved with reference to legislative intent found elsewhere in the Code of Virginia. The Debtor points to "various statutory definitions of 'motor vehicle' found throughout the Code of Virginia [that] should be 'read, construed and applied together so that the legislature's intention can be gathered from the whole of the enactments.'" *In re Crump*, No. 06-33410-KRH, 2007 WL 1029325, at *2 (Bankr. E.D. Va. Apr. 3, 2007) (quoting *Vasaio v. Dep't of Motor Vehicles*, 42 Va. App. 190, 199, 590 S.E.2d 596, 600 (2004)). The Debtor ultimately concludes that as a mobile home is classified as a motor vehicle for purposes of taxation, financing, abandonment and licensing, it must be classified as a motor vehicle for purposes of exemption under Va. Code Ann. § 34-26(8). *See* Va. Code. Ann. §§ 58.1-1735, 6.2-2200, 46.2-1202, 8.01-307.

## DISCUSSION

Section 541 of the Bankruptcy Code provides for the creation of a bankruptcy estate upon the commencement of a bankruptcy case. Section 541(a)(1) of the Bankruptcy Code states that, except as provided in subsection (b) and (c)(2), "all legal or equitable interests of the debtor in property as of the commencement of the case" become property of the estate. Therefore, the legal and equitable interests that the Debtor had in the Mobile Home became property of her bankruptcy estate on the Petition Date.

3

Individual debtors are allowed to reclaim certain property from the bankruptcy estate by claiming it as exempt under § 522 of the Bankruptcy Code. *See, e.g., BancOhio Nat'l Bank v. Walters*, 724 F.2d 1081, 1082 (4th Cir. 1984). Section 522 establishes a list of uniform federal exemptions, set forth in § 522(d), that may be applied by a debtor. Section 522(b)(2), however, allows individual states to "opt-out" of this federal exemption scheme. Pursuant thereto, Virginia has elected not to authorize debtors to avail themselves of the federal exemptions.[4] As the Debtor had been domiciled in Virginia for the 730 days immediately preceding the Petition Date, Virginia's exemption statutes are applicable in this case. 11 U.S.C. § 522(b)(3)(A).

The Debtor claimed the exemption by listing the Mobile Home as exempt on Schedule C of the Official Forms that she filed in accordance with Rule 1007 of the Federal Rules of Bankruptcy Procedure. Fed. R. Bankr. P. 4003(a). Unless a timely objection is filed to a claimed exemption by the trustee or another party in interest,[5] the exemption is deemed allowed and the property reverts from the estate back to the debtor without any involvement by the Court. *Botkin v. Dupont Cmty. Credit Union,* 650 F.3d 396, 398 (4th Cir. 2011).[6] In the case at bar, the

---

[4] "No individual may exempt from the property of the estate in any bankruptcy proceeding the property specified in subsection (d) of § 522 of the Bankruptcy Reform Act (Public Law 95-598), except as may otherwise be expressly permitted under the title." Va. Code Ann. § 34-3.1.

[5] Generally, the objection must be filed within thirty days after the meeting of creditors held under § 341 of the Bankruptcy Code has been concluded or thirty days after the filing of any amendment to Schedule C, whichever is later. Fed. R. Bankr. P. 4003(b)(1).

[6] It would appear that Virginia state courts have struggled recently with the issue of how property ceases to be property of a bankruptcy estate for purposes of standing to pursue a state law personal injury claim. *See Kocher v. Cambell,* 282 Va. 113, 712 S.E.2d 477 (2011). The Circuit Court of the City of Richmond seems to have correctly recognized that issues of abandonment and exemption are largely resolved administratively in bankruptcy cases. *See Siok v. Turner,* Case No. CL10-3665, 2012 Va. Cir. LEXIS 45, at *2-4 (Va. Cir. May 12, 2012). Unless a party in interest files a timely objection, no order of abandonment or order of exemption is ever issued by a Bankruptcy Court. The property is simply deemed abandoned or exempt. *Id.*

Trustee did lodge a timely objection, so the issue of the allowance of the objection must be resolved by the Court. Fed. R. Bankr. P. 4003(b)(3) and (c).[7]

Va. Code § 34-26(8) states that "every householder shall be entitled to hold exempt from creditor process . . . [a] motor vehicle, not held as exempt under subdivision 7, owned by the householder, not to exceed $6,000 in value." The exemption statute does not define the term "motor vehicle." In *In re Crump*, No. 06-33410-KRH, 2007 WL 1029325, at *3 (Bankr. E.D. Va. Apr. 3, 2007), this Court looked to Va. Code Ann. § 46.2-100 for the "pertinent statutory provision" defining the term motor vehicle for purposes of Va. Code Ann. § 34-26(8). Similarly, in *Vasaio v. Department of Motor Vehicles*, the Virginia Intermediate Court of Appeals, in a case wherein it was asked to determine whether a motorcycle was a motor vehicle, held that "'Motor vehicle' . . . 'means every vehicle as [that term is defined in Va. Code § 46.2-100] that is self-propelled or designed for self-propulsion except as otherwise provided in this title.'" *Vasaio v. Dep't of Motor Vehicles*, 42 Va. App. 190, 197, 590 S.E.2d 596, 599 (2004) (quoting Va. Code Ann. § 46.2-100) (brackets in original). Relying on established precedent, the Court will once again apply the definition adopted by the Virginia General Assembly in Va. Code Ann. § 46.2-100.[8] *See In re Potter*, No. 08-17658-SSM, 2009 WL 902415, at *2 (Bankr. E.D. Va. Mar. 24,

---

[7] A proceeding on an objection to a claimed exemption is a contested matter governed by Fed. R. Bankr. P. 9014.

[8] While the Debtor advances four alternative code provisions defining the term "motor vehicle," the Court finds, in accordance with past precedent, that Va. Code Ann. § 46.2-100 provides the most appropriate statutory definition. The definitions of "motor vehicle" found in Va. Code Ann. §§ 58.1-1735, 8.01-307, and 6.2-2200 all appear to encompass mobile homes; however, the subject matter of these sections is not pertinent to the case at hand. Va. Code Ann. § 58.1-1735 deals with the ch. 17, art. 9 Virginia Motor Vehicle Rental Tax. Va. Code Ann. § 8.01-307 concerns civil remedies and procedure, specifically, Va. Code Ann. §§ 8.01-308 through 8.01-313. Va. Code Ann. § 6.2-2200 addresses ch. 22 motor vehicle title loans. In contrast, Va. Code Ann. § 46.2-100 specifically appertains to motor vehicles. The fundamental issue in this case is whether a mobile home is a motor vehicle for purposes of Va. Code § 34-26(8), which fails to define the term. It follows that Va. Code Ann. § 46.2, which defines motor vehicle for purposes of the legal titling, registration, licensing, operation, etc. of motor vehicles, provides the most relevant statutory definition. The fourth proposed definition, Va. Code § 46.2-1202, is coterminous with Va. Code § 46.2-100. The Court will therefore apply the definition of motor vehicle found in § 46.2-100 in accordance with established precedent.

Case 11-37343-KRH    Doc 33    Filed 07/03/12    Entered 07/03/12 16:41:17    Desc Main
Document      Page 6 of 8
Case 11-37343-KRH    Doc 33    Filed 07/03/12    Entered 07/03/12 16:41:17    Desc Main
Document      Page 6 of 8

2009); *In re Crump*, No. 06-33410-KRH, 2007 WL 1029325, at *1-2 (Bankr. E.D. Va. Apr. 3, 2007) (applying the definition set forth in Va. Code § 46.2-100 to the term "motor vehicle" in Va. Code § 34-26(8)).[9]

> Va. Code Ann. § 46.2-100 states:
>
> "Motor vehicle" means every vehicle as defined in this section that is self-propelled or designed for self-propulsion except as otherwise provided in this title. Any structure designed, used, or maintained primarily to be loaded on or affixed to a motor vehicle to provide a mobile dwelling, sleeping place, office, or commercial space shall be considered a part of a motor vehicle. For the purposes of this title, any device herein defined as a bicycle, electronic personal assistive mobility device, electronic power-assisted bicycle, or moped shall be deemed not to be a motor vehicle.

A motor vehicle, therefore, must first qualify as a "vehicle." The statute defines "vehicle" as "every device in, on or by which any person or property is or may be *transported or drawn on a highway*." Va. Code Ann. § 46.2-100 (emphasis added). A motor vehicle, then, being a subset of the term vehicle, must also be capable of or designed for self-propulsion.

The court applied this two-part test in *In re Potter,* finding that a powerboat did not qualify as a motor vehicle for purposes of Va. Code Ann. § 34-26(8) because it was not a vehicle. *In re Potter*, No. 08-17658-SSM, 2009 WL 902415, at *2-3 (Bankr. E.D. Va. Mar. 24, 2009). While a powerboat satisfied the second part of the definition for motor vehicle, as it had an engine and was self-propelled, it nevertheless failed the first requirement of the statutory test that it be capable of being operated on a highway. *Id.* at *3. Once again applying this two-prong test, this Court held in *Crump* that a car modified for racing was "*capable of [operating on the highway]*" and, therefore, was covered under the Va. Code Ann. § 34-26(8) exemption. *In re*

---

[9] The Court notes that the Virginia General Assembly had the opportunity to correct any perceived misinterpretation of its intent in the courts' application of the Virginia exemption statute in *In re Potter* and *In re Crump* when it amended Va. Code § 34-26(8) in 2011 to increase the statutory allowance for a motor vehicle to $6,000. As the General Assembly apparently chose not to do so, the Court will continue to apply this interpretation. *2011 Va. Acts 761*.

6

*Crump*, No. 06-33410-KRH, 2007 WL 1029325, at *3 (Bankr. E.D. Va. Apr. 3, 2007) (emphasis added).

In the case at bar, the Mobile Home may satisfy the first prong of the two-part test but it fails the second. While it may be argued that the Mobile Home, if properly reconfigured, would be capable of being transported on a highway,[10] it is certainly not self propelled or designed for self propulsion. It has no engine. It has no transmission. Accordingly, the Mobile Home is not a motor vehicle.

The only question, then, is whether the Mobile Home could be "considered a part of a motor vehicle" as further provided by the statutory definition. To be considered a part of a motor vehicle, qualifying structures must be "designed [or] used . . . *primarily* to be loaded on or affixed to a motor vehicle to provide a mobile dwelling, sleeping place, office or commercial space." Va. Code § 46.2-100 (emphasis added). As the word "primarily" precedes and conditions the requirements that follow, the principal and predominant function of a qualifying structure must be "to be loaded on or affixed to a motor vehicle." The mere technical capacity for the same will not suffice.

A mobile home does not comport with the general design and intended use requirements underlying this definition of qualifying structures. The general design and intended use of a mobile home is primarily to provide a home dwelling at a permanent site. While mobile homes retain some capability for mobility on highways, the mere capacity for relocation does not rise to the standard of principal and predominant purpose. Mobile homes are neither a motor vehicle nor a qualifying structure that is part of a motor vehicle as envisaged by Va. Code Ann. § 46.2-

---

[10] Balentine's Law Dictionary for example defines a mobile home as "a house . . . so constructed that wheels may easily be placed under it, for easy transportation along the highway to another location." BALENTINE'S LAW DICTIONARY (3rd ed. 2010).

7

100. Accordingly, the Mobile Home does not qualify for exemption under Va. Code Ann § 34-26(8).

## CONCLUSION

While a court "must liberally interpret the Virginia exemption statutes in favor of the debtor, with any doubts to be resolved in favor of allowing the exemption," *In re Hasse*, 246 B.R. 247, 251 (Bankr. E.D. Va. 2000), the statutory definitions supplied by Va. Code Ann. § 46.2-100 resolve any ambiguity concerning the Virginia General Assembly's intended use of the same term "motor vehicle" in Va. Code Ann. § 34-26(8). To qualify for exemption under § 34-26(8), a motor vehicle must meet the statutory requirements of the Va. Code Ann. § 46.2-100 test. The Mobile Home fails this test. Therefore, the Debtor may not exempt the Mobile Home under Va. Code Ann. § 34-26(8).

A separate order shall issue.

ENTERED: _____

       /s/ Kevin R. Huennekens
UNITED STATES BANKRUPTCY JUDGE